```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                          AT ROANOKE, VA
                                                               FILED
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

**JAN 1 8 2008**

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

| | |
|---|---|
| JOSE SANCHEZ-ANGELES,<br>    Plaintiff, | Civil Action No. 7:07cv00596 |
| v. | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA,<br>    Defendant. | By: Hon. James C. Turk<br>Senior United States District Judge |

    Plaintiff Jose Sanchez-Angeles filed this civil action without stating clearly the type of action that he wished to bring. The court filed the complaint conditionally and advised plaintiff that he would need to amend his complaint to state clearly the type of claim that he wished to bring, to name proper defendants, and to allege facts concerning what each individual defendant had done in violation of plaintiff's constitutional rights. Plaintiff has now responded to the court's conditional filing order. In an abundance of caution, the court will construe his complaint as amended to be a civil action under the Federal Tort Claims Act and against the United States. As the amended complaint fails to state any constitutional claim against either of the named defendants, however, the court will dismiss without prejudice all claims against them, pursuant to §1915A.[1]

    Plaintiff first submitted to this court a cover letter, stating that he was filing a "civil complaint," including a one-page affidavit and a memorandum of law. Attached to the affidavit and cover letter were many pages of documents, including a lengthier affidavit that offers a narrative of plaintiff's medical problems with his ear, but the court did not receive any memorandum of law. In his affidavits, plaintiff states that he currently has a serious ear infection, that as a result of his being

---

[1] Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

-1-

placed in Special Housing in the Federal Bureau of Prisons ("BOP"), debris entered his ear and clogged his ear canal, that ever since that time, he has had ear infections and loss of hearing in that ear, all allegedly due to negligence of the medical staff of the BOP. He seeks monetary damages and names as defendants Terry O'Brien, the warden of the United States Penitentiary in Lee County ("USP Lee"), and "Medical Department ( Bureau of Prisons)."

Because of the defendants plaintiff named, the court filed the complaint conditionally as a civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, because his claims allege negligence, the court's conditional filing order of December 26, 2007, required plaintiff to amend to clarify his claims and explained in detail the types of claims available, stating:

> **Plaintiff must amend his complaint within twenty (20) days from entry of this order** to make a clear statement of his claims and to state whether he wishes to proceed under the Federal Tort Claims Act (FTCA) against the United States or under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against individual federal officials who allegedly violated his constitutional rights or both.[2] The amended complaint itself must make a plain statement of the facts from which plaintiff's claims arise, including but not limited to: a specific description of relevant events, identification of the official(s) involved, the personal conduct of each official that violated plaintiff's rights, the injuries plaintiff suffered, and the relief he seeks. If plaintiff is claiming that federal prison employees acted with deliberate indifference toward his serious medical need, Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), then his lawsuit is properly brought against the individual federal officials who directly and personally violated his constitutional rights, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). If plaintiff wishes to proceed only under Bivens, alleging violation of his constitutional rights by individual officers, he must so indicate. If he is claiming that federal prison authorities acted negligently and caused him injury, however, such claims arise under the Federal Tort Claims ("FTCA"), 28 U.S.C. §§ 2671-2680, but must be brought against the United States and not against the individual officers. In an FTCA claim, plaintiff must also prove (a) what the

---

[2]Plaintiff is hereby advised that he may not sue federal prison officials or the United States under 42 U.S.C. § 1983, as this statute applies only to officials acting under color of state law.

-2-

"generally recognized and accepted practices and procedures" for treating chronic ear infections is and (b) show how corrections officials departed from such a standard. If the facts of his case support claims under both the FTCA and Bivens, plaintiff may bring both types of claims in the same lawsuit, but must name appropriate defendants for each claim. In an FTCA claim, the proper defendant is the United States, and plaintiff has not named the United States as a defendant. FAILURE TO AMEND SATISFACTORILY WILL RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO STATE A CLAIM.

In his response to this order, plaintiff states that his complaint as submitted is sufficient, because he is proceeding pro se. He fails to correct any of the deficiencies noted in the court's December 26, 2007 order, does not name any additional defendants, or offer any additional allegations about how the named defendants have violated his rights.

Reviewing plaintiff's submissions, the court concludes that all claims against Warden O'Brien and the BOP medical department (the named defendants) must be dismissed. The Bivens decision recognized a "damages remedy designed to vindicate violations of constitutional rights" individual federal officials. Hall v. Clinton, 235 F.3d 202, 204 (4th Cir.2000). Federal agencies, such as the BOP or its medical department, are not subject to suit under Bivens. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Terry O'Brien is a federal officer and could be sued under Bivens. Plaintiff's allegations, however, fail to state any claim against this defendant. To prove that his course of medical treatment in prison amounted to a violation of the Constitution, plaintiff must show that specific individuals to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). O'Brien cannot be held liable under Bivens based solely on his supervisory position at USP Lee. See Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir.1980) (finding that liability in Bivens actions cannot be based upon theory of respondeat superior). Plaintiff does not allege any facts indicating that O'Brien, as

-3-

Case 7:07-cv-00596-JCT-mfu   Document 6   Filed 01/18/08   Page 3 of 5   Pageid#: 81

warden, was personally involved with any denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or was indifferent to any alleged misconduct by prison medical staff regarding plaintiff's medical care. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Prison personnel with no medical expertise, such as the warden, may lawfully rely on the opinion of medical officials as to the proper course of treatment for an inmate's medical condition. Miltier, 896 F.2d at 855. As plaintiff fails to allege that the warden personally took any action to deny him medical treatment, he fails to state any claim against the warden under Bivens. Based on the foregoing, the court must dismiss all claims against the warden and the BOP medical department without prejudice, pursuant to § 1915A.

Plaintiff alleges that negligent actions of federal prison officials caused him to suffer repeated ear infections and hearing loss. Plaintiff also submits a copy of a letter from a BOP attorney, denying a Tort Claim that plaintiff filed with the BOP, and informing him of his right to bring a civil action in the United States District Court. Based on this documentation and plaintiff's allegation of negligence, in the interest of justice for a pro se plaintiff, the court will allow the complaint to go forward under the FTCA and will substitute the United States as the proper defendant.[3]

---

[3] The FTCA provides, in pertinent part, that the United States may be held liable for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

In accordance with the foregoing, it is hereby

**ORDERED**

that plaintiff's motion to amend (Dkt. No. 5) is hereby **GRANTED** and the complaint is supplemented as stated in the motion and in plaintiff's attachments to the complaint; the United States of America is **SUBSTITUTED** as the proper defendant to plaintiff's alleged claims under the Federal Tort Claims Act; all claims against the defendants plaintiff originally named (Terry O'Brien, Warden of USP Lee, and the Medical Department of the Bureau of Prison) and all claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), are **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A; and the clerk **SHALL** correct the court's record and the style of the case to reflect that this case is an FTCA action against the United States of America as the only defendant. By separate order, the court will require plaintiff to consent to payment of the filing fee through installments from his inmate trust account.

The Clerk is directed to send copies of this order to plaintiff.

ENTER: This 16th day of January, 2008.

/s/ James C. Turk
Senior United States District Judge